

UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
NORTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | \* | CR 06-10031 |
| Plaintiff, | \* | |
| -vs- | \* | OPINION AND ORDER |
| ORION J. BENDICKSON, | \* | |
| Defendant. | \* | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Defendant pleaded guilty to assault resulting in serious bodily injury and was sentenced on February 26, 2007, to 30 months custody. On July 19, 2010, his supervised release was revoked and he was sentenced to 24 months custody.

Defendant filed a letter requesting that he receive credit for time served while awaiting sentencing on the petition to revoke supervised release. No transcript of that sentencing hearing was prepared but I listened to a tape recording of the hearing. I am attaching a partial transcript of what I said at the sentence hearing. During that hearing, I ordered the Bureau of Prisons to give defendant credit for time served in federal as well as state custody. I would have no authority to do that but could simply make a recommendation. The Court was aware of the extent of the amount of time served and intended to take that into account in determining the sentence to impose upon revocation. That language did not appear in the judgment. Such omission is a clerical error which can and should be corrected pursuant to Fed. R. Crim. P. 36.

Credit for time served is calculated under 18 U.S.C. § 3585 and is to be determined by the United States Attorney General after the criminal defendant has begun to serve his sentence. United States v. Moore, 978 F.2d 1029, 1031 (8th Cir. 1992), citing United States v. Wilson, 503 U.S. 329, 112 S. Ct. 1351, 117 L. Ed. 2d 593 (1992). The Attorney General has delegated the task of calculating credit for time served to the Bureau of Prisons. United States v. Moore, 978 F.2d at 1031; 28 C.F.R. § 0.96.

Federal prisoners can challenge the denial of jail-time credit by filing a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the district in which they are confined. United States v. Chappel, 208 F.3d 1069, 1069-70 (8th Cir. 2000), Bell v. United States, 48 F.3d 1042, 1043 (8th Cir. 1995), Kendrick v. Carlson, 995 F.2d 1440, 1447 (8th Cir. 1993), Tucker v. Carlson, 925 F.2d 330, 331 (9th Cir. 1991), U.S. v. Giddings, 740 F.2d 770, 772 (9th Cir. 1984).

Federal prisoners challenging actions of prison officials must exhaust administrative remedies before seeking habeas corpus relief. Kendrick v. Carlson, 995 F.2d at 1447. "If [federal prison] administrative grievance procedures provide an adequate means for impartial review, then a federal prisoner must exhaust available administrative remedies within the correctional system prior to seeking extraordinary relief in federal court." Willis v. Ciccone, 506 F.2d 1011, 1015 (8th Cir. 1974).

Defendant is incarcerated at the Federal Correctional Institute in Florence, Colorado. He may challenge the denial of jail-time credit by filing a petition for habeas corpus pursuant to 28 U.S.C. § 2241 in the District of Colorado after he has exhausted his administrative remedies.

There is no logical reason to require all such efforts. The Court should have imposed a sentence reflecting the credit he had earned, both for state custody and federal custody. He was in state custody for the same conduct which caused his federal revocation. His total sentence should have been 21 months rather than 24 months. He is then to receive no further credit for time served.

Based upon the foregoing,

IT IS ORDERED that the Clerk shall prepare an amended judgment setting forth the Court's oral order that the defendant be given credit for time served pending his revocation sentencing with the total sentence being 21 months rather than 24 months.

Dated this 29th day of March, 2011.

BY THE COURT:

/s/ Charles B. Kornmann
CHARLES B. KORNMANN
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: /s/ Barbara J. Paepke
DEPUTY
(SEAL)